PEOPLE ex rel. DEE v. BACKUS.

(Supreme Court, Appellate Division, Second Department. December 30. 1896.)

STATUTES—SUBJECT EXPRESSED IN TITLE—REPEAL OF FORMER ACT.

The title of Laws 1896, c. 772, "An act in relation to the office of the district attorney of the county of Kings and providing for　*　*　*　the appointment of　*　*　*　county detectives for said office," expresses the subject of the repeal of Laws 1892, c. 105, providing for the appointment by the district attorney for Kings county of county detectives for his office.

Appeal from special term, Kings county.

Application by John Dee for a peremptory writ of mandamus against Foster L. Backus, as district attorney of Kings county, commanding him to place relator's name on the pay roll of the district attorney's office as a county detective. From an order denying the writ, relator appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Almet F. Jenks, for appellant.
Frederick E. Crane, for respondent.

HATCH, J. The relator was appointed to an office known as "County Detective" by virtue of chapter 105, Laws 1892, which created such office, and he was continued therein in connection with the dis-

trict attorney's office until 1896, when the legislature passed an act (chapter 772, Laws 1896) which repealed the former law. No question is raised but that the law of 1892 is repealed by the later act, and that its effect is to discontinue the relator's office, and to substitute therefor the provisions of law which authorized the present district attorney to make appointments to the office of county detective created by the provisions of the later act. The claim of relator is that the later act is not a constitutional exercise of power, in that it violates section 16 of article 3 of the constitution, which provides that "no private or local bills, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title."

The particular thing in which it is claimed that this act violates this provision of the constitution is that, while by its provisions it assumes to repeal the act of 1892, the fact of such repeal is not expressed in the title of the act. The title of the act reads: "An act in relation to the office of the district attorney of the county of Kings providing for the election of district attorney and the appointment of clerks, stenographers and county detectives for said office." The repealed act of 1892 was entitled "An act to create the offices of county detectives in and for the county of Kings." The provisions of the law provided for the appointment of such officers by the district attorney of the county, attached them to his office, defined their duties, and made them subject to his direction. The subject expressed in the repealing act is the office of the district attorney of Kings county, and express reference is made to county detectives for said office. The subject-matter of the legislation which is to follow is therefore expressed in the title, and, in detail, it relates to the county detectives who are connected with the subject-matter expressed.

This provision of the constitution has been the subject of repeated decisions, and it has been uniformly held that, when the title expressed the subject and fairly and reasonably suggested the matters contained therein, which were germane to the title and facilitated the accomplishment of what the legislation contemplated, it was in no just sense obnoxious to this provision of the constitution. People v. Briggs, 50 N. Y. 558; Sweet v. City of Syracuse, 129 N. Y. 316, 27 N. E. 1081, and 29 N. E. 289; Astor v. Railroad Co., 113 N. Y. 93, 20 N. E. 594; Johnston v. Spicer, 107 N. Y. 185, 13 N. E. 753. Here the subject-matter expressed in the title and the office of county detective are related to each other. They form a part of the whole, which is the district attorney's office, and as such are related together and embraced therein. Clearly, then, the subject-matter expressed in this title directly related to the legislation which this act contained, and it was therefore a constitutional exercise of power, within the rule laid down in the authorities cited.

We are not now concerned with the question as to whether that part of the act which extends the term of the office of the district attorney is constitutional or otherwise. It in no wise affects the present question. So far as the relator is concerned, it is a valid exercise of power as to him, and had the effect of discontinuing his office. This part of the act is so far separate and distinct from its other provisions that it may operate even though the other parts are bad. We are not to be

understood as intimating that any part of the act is in conflict with the constitution. We simply decide the question now before us.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.